**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MILTON EDGARDO ORELLANA-
GUERRA,

              Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

              Respondent.

No.   16-70280

Agency No. A095-750-444

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

    Milton Edgardo Orellana-Guerra, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and relief under the Convention

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Orellana-Guerra does not challenge the agency's dispositive determination that his asylum application was untimely and that he failed to establish any changed or extraordinary circumstances to excuse the untimeliness. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Orellana-Guerra also fails to challenge the agency's denial of CAT relief. *Id.* Thus, we deny the petition for review as to Orellana-Guerra's asylum and CAT claims.

Substantial evidence supports the agency's determination that Orellana-Guerra failed to establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (an applicant who alleges past persecution has the burden of proving that the treatment rises to the level of persecution). Substantial evidence also supports the agency's determination that Orellana-Guerra failed to demonstrate a nexus between the harm he fears in Guatemala and a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an

2

applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Orellana-Guerra's withholding of removal claim fails.

We lack jurisdiction to consider the proposed social group that Orellana-Guerra raises for the first time in his opening brief because he failed to raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The record does not support Orellana-Guerra's contention that the BIA failed to adequately explain its reasoning for dismissing his appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).

Orellana-Guerra's request to remand in light of *Ordonez v. INS*, 345 F.3d 777 (9th Cir. 2003) is denied.

To the extent that Orellana-Guerra requests in his opening brief a stay of removal, the request is denied as unnecessary. As indicated in this court's August 24, 2016 order, Orellana-Guerra has a stay of removal in effect. The stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**